```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
POWERFUL KATINKA, INC.                  :
d/b/a PEARL OYSTER BAR,
                                        :       SCHEDULING ORDER

            Plaintiff,                  :
                                                07 Civ. 6036  (SAS)
      - against -                       :       Conference Date: August 7, 2007

EDWARD McFARLAND and ED's               :
LOBSTER BAR LLC,
                                        :

            Defendants.                 :
------------------------------------------------------x
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/8/07
```

WHEREAS, the Court issued an Order for a Conference in accordance with Fed. R. Civ. P. 16(b) on July 13, 2007 (the "Order"); and

WHEREAS, the Order requires that the parties jointly prepare and sign a proposed scheduling order containing certain information;

NOW, THEREFORE, the parties hereby submit the following information as required by the Order:

(1)  the date of the conference and the appearances for the parties;

        August 7, 2007

    For plaintiff:    SCHIFF HARDIN LLP
                        David Jacoby, Esq.
                        Judith S. Roth, Esq.
                        Steven M. Bocknek, Esq.

    For defendants:    SERRINS & ASSOCIATES, LLC
                        Alan Serrins, Esq.

(2)  a concise statement of the issues as they then appear;

By plaintiff:  Defendant Ed's Lobster Bar LLC has opened a restaurant closely copying virtually all aspects of plaintiff's well-known restaurant, Pearl Oyster Bar, including its menu, its entire presentation of dishes, and its readily identifiable décor.  Defendant McFarland, former management-level employee of plaintiff, breached and is breaching his fiduciary duty to plaintiff by misappropriating the good will and reputation earned by

Pearl over the last decade and in bad faith utilizing proprietary and confidential information he secured during the six years he was *sous chef* at Pearl. Defendant McFarland also has made repeated efforts to secure Pearl's staff and suppliers and even returned to Pearl and photographed business documents. All this has been done for the evident purpose of trading off of Pearl's sterling reputation and business. Plaintiff asserts a claim under 15 U.S.C. §1125 with regard to its trade dress, and also asserts various claims under New York statutory and common law.

By defendants: Defendant Ed McFarland after working as a *sous chef* for plaintiff for six years opened his own restaurant, Ed's Lobster Bar in March 2007. Defendant McFarland who had years of experience working at various restaurants, including Pearl Oyster Bar, devised his menu, décor and ambience based his experience and observations of scores of classic fish houses from Maine to San Francisco. At no time has McFarland solicited Pearl's staff nor obtained by any means Pearl's business documents. Plaintiffs claim under 15 U.S.C. 1125 is without merit, as there is no likelihood of confusion by the public, other than Plaintiffs thirst for publicity in this matter.

(3)  a schedule including

  (a) the names of persons to be deposed and a schedule of planned depositions;

  By plaintiff (not in sequence):

  *[handwritten: Mid-October to mid-February]*

  Edward McFarland
  Ed's Lobster Bar LLC by Rule 30(b)(6) witness(es)
  Andrew Rasiej
  Michael Weinstein
  Arthur Bovino
  Chris Lasciski
  Taided Betancourt

  Plaintiff may wish to add, substitute or eliminate deponents based on discovery.

  By defendants:

  Rebecca Charles
  Robert Dies
  Ken Snapp
  Donna Vilardi
  Tony Bonner
  Powerful Katinka, Inc. by Rule 30(b)(6) witness

  Defendants may amend their deponent list based upon discovery.

  (b) a schedule for the production of documents;

NY\ 50200780.1

Rule 26(a) disclosures to be made on or before August 24, 2007.
Parties to propound document demands and interrogatories (if any) on or before September 5, 2007.
Response to demands and production of documents to occur on or before October 18, 2007.

(c) dates by which (i) each expert's report will be supplied to the adverse side and (ii) each expert's deposition will be completed;

(i) March 17, 2008
(ii) June 10, 2008 *April 17, 2008*

(d) time when discovery is to be completed;

Fact discovery to conclude by February 20, 2008; expert discovery to conclude by ~~June 10~~ *April 17*, 2008.

(e) the date by which plaintiff will supply its pre-trial order matters to defendants;

~~July 29, 2008~~ *May 16, 2008*

(f) the date by which the parties will submit a pre-trial order in a form conforming with the Court's instructions together with trial briefs and either (1) proposed findings of fact and conclusions of law for a non-jury trial, or (2) proposed voir dire questions and proposed jury instructions, for a jury trial;

~~September 30, 2008~~ *June 13, 2008*

(g) a space for the date for a final pre-trial conference pursuant to Fed. R. Civ. P. 16(d), to be filled in by the Court at the conference.

_____ *March 4 at 4:30* _____ (leave blank)

(4)    a statement of any limitations to be placed on discovery, including any protective or confidentiality orders;

(a) confidentiality order with regard to discovery material owing to confidential and proprietary nature of material; (b) preservation order with regard to electronic data, including e-mails, cell phone photographs, cell phone calling records and text messages.

(5)    a statement of those discovery issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement;

None at this time.

(6)   anticipated fields of expert testimony, if any;

For plaintiff: similarity of and confusion between the two restaurants; damages.

For defendants: Lack of confusion by the public between the two restaurants.

(7)   anticipated length of trial and whether to court or jury;

For plaintiff: to Court; seven trial days.

For defendants: three trial days. jury

(8)   this Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference or when justice so requires;

(9)   names, addresses, phone numbers and signatures of counsel;

| SCHIFF HARDIN LLP | SERRINS & ASSOCIATES, LLC |
|---|---|
| Attorneys for Plaintiff | Attorneys for Defendants |
| 900 Third Avenue | 233 Broadway, 18th Floor, |
| New York, New York 10022 | New York, New York 10279 |
| (212) 753-5000 | (212) 384-0202 |
| By: _____ | By: _____ |
| David Jacoby | Alan Serrins |

SO ORDERED:

_____
SHIRA SCHEINDLIN
U.S.D.J.

8/7/07

NY\ 50200780.1