UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
POWERFUL KATINKA, INC.                               :
d/b/a PEARL OYSTER BAR,                               :          07 Civ. 6036 (SAS)
                                                     :
                        Plaintiff,                   :          **ANSWER**
                                                     :
            -against-                                :
                                                     :          **JURY TRIAL DEMANDED**
EDWARD McFARLAND and                                 :
ED'S LOBSTER BAR LLC,                                :
                                                     :
                        Defendants.                  :
--------------------------------------------------------------X

        Defendants Edward McFarland ("McFarland") and Ed's Lobster Bar LLC

("Ed's"), by and through their undersigned counsel, Serrins & Associates LLC and

Markowitz & Chattoraj LLP, submit the following answer and affirmative defenses to the

Complaint of Plaintiff Powerful Katinka, Inc. d/b/a Pearl Oyster Bar:

        1.      Paragraph 1 of the Complaint contains conclusory allegations to which no

response is required, but to the extent a response is required, Defendants admit that

Plaintiff purports to bring this action against Defendants on the basis of allegations in its

Complaint.

        2.      Defendants deny knowledge or information sufficient to form a belief as

to the truth or falsity of the allegations contained in Paragraph 2 of the Complaint, except

Defendants deny that Rebecca Charles ("Charles") created and developed "[e]very menu

item, as presented at Pearl, as well as its restaurant design," and admit that Pearl Oyster

Bar ("Pearl") is a seafood restaurant located at 18 Cornelia Street in Manhattan.

3.      Defendants deny the allegations contained in Paragraph 3 of the Complaint, except admit that Defendants opened a restaurant called "Ed's Lobster Bar" on March 16, 2007.

4.      Paragraph 4 of the Complaint contains conclusions of law to which no response is required, but to the extent a response is required, Defendants admit that Plaintiff purports to base subject matter jurisdiction on the statutes cited therein.

5.      Paragraph 5 of the Complaint contains conclusions of law to which no response is required, but to the extent a response is required, Defendants admit that Plaintiff purports to base venue in the United States District Court for the Southern District of New York on the basis that Defendants are doing business in this district, and Defendants deny that any harm occurred or is occurring in this district to Plaintiff as a result of any unlawful acts committed by Defendants.

6.       Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6 of the Complaint, except Defendants deny that Pearl's characteristics (whether "culinary, visual, esthetic [or] environmental") are either "unique" or "distinctive," and admit that Pearl opened as a restaurant in or about 1997 that is located at 18 Cornelia Street in Manhattan and that Plaintiff has annexed as Exhibit A copies of certain self-serving articles.

7.      Defendants deny the allegations contained in Paragraph 7 of the Complaint except admit that Defendant McFarland resides at 266 Tabb Avenue, Piscataway, New Jersey 08854, that Defendant McFarland has a financial interest in Defendant Ed's Lobster Bar LLC, which owns and operates Ed's Lobster Bar, a restaurant located at 222 Lafayette Street in Manhattan that opened to the public on

March 16, 2007, and that Defendant McFarland, who is the chef at Ed's Lobster Bar, was previously the *sous chef* at Pearl, where he was employed from August 2000 to January 2007.

8.    Defendants admit the allegations contained in paragraph 8 of the Complaint.

9.    Defendants deny the allegations contained in paragraph 9 of the Complaint, except admit that Andrew Rasiej has a financial interest in Ed's Lobster Bar LLC.

10.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of the Complaint.

11.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of the Complaint.

12.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of the Complaint, except deny that Charles undertook "all" the steps to conceive, locate, design, construct, equip, manage and operate Pearl and that Charles originated "all" aspects of Pearl since its opening.

13.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity to the sweeping allegations contained in Paragraph 13 of the Complaint with respect to the importance, input, and responsibilities of the position of *sous chef* at "restaurants" generally, and aver that the allegation regarding the *sous chef* being "in a position of trust and confidence that is fiduciary in every sense of the word" is

a conclusion of law to which no response is required but, to the extent a response is required, deny such allegation.

14.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of the Complaint, except deny that it is "commonly" accepted in the New York restaurant community that a *sous chef* should give an employer at least two months' advance notice before departing.

15.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of the Complaint, and Defendants respectfully refer the Court to the contents of the alleged public statements.

16.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of the Complaint, except admit that Paragraph 16 of the Complaint purports to set forth quotations from the International Association of Culinary Professionals Code of Professional Ethics and respectfully refer the Court to such code for its contents.

17.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of the Complaint, except admit that Paragraph 17 of the Complaint purports to set forth quotations from the United States Personal Chef Association Code of Ethics and respectfully refer the Court to such code for its contents.

18.    Defendants deny the allegations contained in Paragraph 18 of the Complaint, except admit that Charles hired Defendant McFarland in or about 2000 to work as a *sous chef* at Pearl and that, when Defendant McFarland began his employment

at Pearl, he temporarily worked as a line cook for a short period of time due to a shortage of workers.

19.    Defendants deny the allegations contained in Paragraph 19 of the Complaint, except admit that Defendant McFarland's annual salary for working at Pearl in 2007 was to be $65,000 and that he was to receive annual health benefits worth another $5,000.

20.    Defendants deny the allegations contained in Paragraph 20 of the Complaint and particularly that Defendant McFarland became privy to "proprietary" innovation and "completely secret information," except admit that, as an employee who worked and cooked at Pearl from 2000 to 2007, Defendant McFarland observed the cooking, preparation and presentation of traditional, ubiquitous and generic seafood dishes served to the public at that restaurant.

21.    Defendants state that the allegations contained in Paragraph 21 of the Complaint are legal conclusions to which no response is required but, to the extent a response is required, Defendants deny that nature of information obtained by Defendant McFarland while he worked at Pearl was "confidential and proprietary" and that Defendant McFarland owed a "duty of loyalty" to Pearl.

22.    Defendants deny the allegations contained in Paragraph 22 of the Complaint, except admit that, approximately one year before Defendant McFarland stopped working at Pearl, he indicated to Rebecca Charles that he wanted to be a partner in Pearl.

23.    Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24.     Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25.     Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26.     Defendants deny the allegations contained in Paragraph 26 of the Complaint, except admit that Defendants have contemplated opening another Ed's Lobster Bar location.

27.     Defendants deny the allegations contained in Paragraph 27 of the Complaint, and aver that Defendant McFarland advised Charles in or about September 2005 that he would be leaving Pearl and that, in or about December 2006, Defendant McFarland formally notified Charles that he would be leaving Pearl.

28.     Defendants deny the allegations contained in Paragraph 28 of the Complaint, and aver that, in or about December 2006, Defendant McFarland formally announced he would be leaving Pearl to open his own restaurant and that Defendant McFarland continued to work at Pearl for a period longer than one month after he gave notice of his departure.

29.     Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30.     Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31.     Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32.     Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.     Defendants admit that Defendant Ed's Lobster Bar LLC, the entity which owns Ed's Lobster Bar, was formed on November 6, 2006, and respectfully refer the Court to Exhibit B to the Complaint which, upon information and belief, contains a copy of the information appearing on the website for the Division of Corporations of the New York State Department of State as of March 16, 2007 with respect to the entity in question.

34.      Defendants deny the allegations contained in Paragraph 34 of the Complaint, except admit that an individual who had been previously employed at Pearl worked for a short period of time at Ed's Lobster Bar.

35.     Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.     Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37.     Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38.     Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39.     Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40.     Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations contained in Paragraph 41 of the Complaint, except admit that Defendant McFarland received a letter from Charles dated March 27, 2007, that Plaintiff purports to attach that letter as Exhibit C to the Complaint, and that Defendant McFarland spoke with a Pearl employee named Roger on a day in or about April 2007 and asked that individual what he paid for lobster that day.

42.     Defendants deny the allegations contained in Paragraph 42 of the Complaint, except admit that Ed's Lobster Bar is not an Italian-themed restaurant and that it opened to the public on March 16, 2007.

43.     Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44.     Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45.     Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46.     Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47.     Defendants deny the allegations contained in Paragraph 43 of the Complaint.

48.     Defendants admit the allegations contained in Paragraph 48 of the Complaint.

49.     Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50.     Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51.     Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52.     Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 53 of the Complaint, except deny that Defendant McFarland "has copied Pearl."

54.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 54 of the Complaint.

55.     Defendants deny the allegations contained in Paragraph 55 of the Complaint, except admit that Ed's Lobster Bar has been open to the general public since March 16, 2007.

56.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 56 of the Complaint.

57.     Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58.     Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59.     Defendants incorporate by reference their responses to the allegations contained in Paragraphs 1-58 of the Complaint in response to Paragraph 59 of the Complaint.

60.    Paragraph 60 of the Complaint contains conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61.    Paragraph 61 of the Complaint contains conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 62 of the Complaint.

63.    Defendants deny the allegations contained in Paragraph 63 of the Complaint, and particularly deny that Charles has created "a trade dress which is unique and recognizable to Pearl" or that Defendants have "copied," "mimicked" or "imitated" Pearl in the space, service style, menu or presentation of Ed's Lobster Bar, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Charles's past or present state of mind and Pearl's current qualities and cuisine.

64.    Paragraph 64 of the Complaint contains conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 65 of the Complaint, except Defendants deny that Ed's Lobster Bar "intentionally was designed to simulate" the elements "distinctive to Pearl."

66.      Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67.      Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68.      Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69.      Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70.      Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71.      Paragraph 71 of the Complaint contains conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72.      Paragraph 72 of the Complaint contains conclusions of law to which no response is required, but to the extent a response is required, Defendants deny that Plaintiff is entitled to any remedy at law or otherwise.

73.      Defendants incorporate by reference their responses to the allegations contained in Paragraphs 1-72 of the Complaint in response to Paragraph 73 of the Complaint.

74.      Paragraph 74 of the Complaint contains conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75.    Paragraph 75 of the Complaint contains conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76.    Defendants deny the allegations of Paragraph 76 of the Complaint.

77.    Defendants deny the allegations of Paragraph 77 of the Complaint.

78.    Defendants deny the allegations of Paragraph 78 of the Complaint.

79.    Defendants deny the allegations of Paragraph 79 of the Complaint.

80.    Defendants deny the allegations of Paragraph 80 of the Complaint.

81.    Paragraph 81 of the Complaint contains conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82.    Paragraph 82 of the Complaint contains conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83.    Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84.    Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85.    Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86.    Defendants incorporate by reference their responses to the allegations contained in Paragraphs 1-85 of the Complaint in response to Paragraph 86 of the Complaint.

87.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 87 of the Complaint.

88.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 88 of the Complaint.

89.     Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90.     Paragraph 90 of the Complaint contains conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the allegations contained in Paragraph 90 of the Complaint.

91.     Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92.     Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93.     Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94.     Defendants incorporate by reference their responses to the allegations contained in Paragraphs 1-93 of the Complaint in response to Paragraph 94 of the Complaint.

95.     Paragraph 95 of the Complaint contains conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the allegations contained in Paragraph 95 of the Complaint.

96.     Paragraph 96 of the Complaint contains conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the allegations contained in Paragraph 96 of the Complaint.

97.     Paragraph 97 of the Complaint contains conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the allegations contained in Paragraph 97 of the Complaint.

98.     Paragraph 98 of the Complaint contains conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the allegations contained in Paragraph 98 of the Complaint.

99.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 99 of the Complaint.

100.    Paragraph 100 of the Complaint contains conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the allegations contained in Paragraph 100 of the Complaint.

101.    Paragraph 101 of the Complaint contains conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the allegations contained in Paragraph 101 of the Complaint.

102.    Paragraph 102 of the Complaint contains conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the allegations contained in Paragraph 102 of the Complaint.

103.    Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104.     Paragraph 104 of the Complaint contains conclusions of law to which no response is required, but to the extent a response is required, Defendants deny that Plaintiff is entitled to any remedy at law or otherwise.

105.     Defendants incorporate by reference their responses to the allegations contained in Paragraphs 1-104 of the Complaint in response to Paragraph 105 of the Complaint.

106.     Defendants deny the allegations contained in Paragraph 106 of the Complaint.

107.     Defendants deny the allegations contained in Paragraph 107 of the Complaint.

108.     Defendants deny the allegations contained in Paragraph 108 of the Complaint.

109.     Defendants incorporate by reference their responses to the allegations contained in Paragraphs 1-108 of the Complaint in response to Paragraph 109 of the Complaint.

110.     Defendants deny the allegations contained in Paragraph 110 of the Complaint.

111.     Defendants deny the allegations contained in Paragraph 111 of the Complaint.

112.     Defendants deny the allegations contained in Paragraph 112 of the Complaint.

113.    Defendants incorporate by reference their responses to the allegations contained in Paragraphs 1-112 of the Complaint in response to Paragraph 113 of the Complaint.

114.    Defendants deny the allegations contained in Paragraph 114 of the Complaint.

115.    Defendants deny the allegations contained in Paragraph 115 of the Complaint.

116.    Defendants deny the allegations contained in Paragraph 116 of the Complaint.

117.    Defendants incorporate by reference their responses to the allegations contained in Paragraphs 1-116 of the Complaint in response to Paragraph 116 of the Complaint.

118.    Paragraph 118 of the Complaint contains conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the allegations contained in Paragraph 118 of the Complaint.

119.    Paragraph 119 of the Complaint contains conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the allegations contained in Paragraph 119 of the Complaint.

120.    Paragraph 120 of the Complaint contains conclusions of law to which no response is required, but to the extent a response is required, Defendants deny the allegations contained in Paragraph 120 of the Complaint.

121.    Defendants deny the allegations contained in Paragraph 121 of the Complaint.

122.     Paragraph 122 of the Complaint contains conclusions of law to which no response is required, but to the extent a response is required, Defendants deny that Plaintiff is entitled to any remedy at law or otherwise.

123.     Defendants incorporate by reference their responses to the allegations contained in Paragraphs 1-122 of the Complaint in response to Paragraph 123 of the Complaint.

124.     Defendants deny the allegations contained in Paragraph 124 of the Complaint.

125.     Defendants deny the allegations contained in Paragraph 125 of the Complaint.

126.     Defendants deny the allegations contained in Paragraph 126 of the Complaint.

127.     Defendants deny the allegations contained in Paragraph 127 of the Complaint.

128.     Defendants deny the allegations contained in Paragraph 128 of the Complaint.

129.     Defendants deny the allegations contained in Paragraph 129 of the Complaint.

130.     Defendants incorporate by reference their responses to the allegations contained in Paragraphs 1-129 of the Complaint in response to Paragraph 130 of the Complaint.

131.     Defendants deny the allegations contained in Paragraph 131 of the Complaint.

132.    Defendants deny the allegations contained in Paragraph 132 of the Complaint.

133.    Defendants incorporate by reference their responses to the allegations contained in Paragraphs 1-132 of the Complaint in response to Paragraph 133 of the Complaint.

134.    Defendants deny the allegations contained in Paragraph 133 of the Complaint.

135.    Defendants incorporate by reference their responses to the allegations contained in Paragraphs 1-134 of the Complaint in response to Paragraph 135 of the Complaint.

136.    Paragraph 136 of the Complaint contains conclusions of law to which no response is required, but to the extent a response is required, Defendants admit that Plaintiff purports to allege that there is an actual, justiciable controversy between Plaintiff and Defendants that requires the intervention of this Court.

137.    Defendants deny the allegations contained in Paragraph 137 of the Complaint.

138.    Paragraph 138 of the Complaint contains conclusions of law to which no response is required, but to the extent a response is required, Defendants admit that Plaintiff purports to allege that there is a continuing actual and justiciable controversy between Plaintiff and Defendants.

## **AFFIRMATIVE DEFENSES**

Without admitting any of the allegations of Plaintiff's Complaint, Defendants hereby assert the following defenses:

### FIRST AFFIRMATIVE DEFENSE

139.    Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

140.    Plaintiff's claims are barred, in whole or in part, by the Court's lack of subject matter jurisdiction.

### THIRD AFFIRMATIVE DEFENSE

141.    All or some of the elements of plaintiff's purported trade dress are functional and are not entitled to any protection under federal, state or common law.

### FOURTH AFFIRMATIVE DEFENSE

142.    All or some of the elements of Defendants' trade dress at Ed's Lobster Bar challenged by Plaintiff are needed to compete effectively in the relevant market(s).

### FIFTH AFFIRMATIVE DEFENSE

143.    Plaintiff's purported trade dress is not inherently distinctive and/or lacks distinctiveness, and is not entitled to any protection under federal, state or common law.

### SIXTH AFFIRMATIVE DEFENSE

144.    Plaintiff's purported trade dress is not entitled to protection because all or some elements of Plaintiff's purported trade dress are in the public domain.

### SEVENTH AFFIRMATIVE DEFENSE

145.    Plaintiff's purported trade dress has not acquired secondary meaning and is not entitled to any protection under federal, state or common law.

### EIGHTH AFFIRMATIVE DEFENSE

146.    Plaintiff's purported trade dress is generic and is not entitled to protection under federal, state or common law.

### NINTH AFFIRMATIVE DEFENSE

147.    Plaintiff's dilution, blurring or tarnishment claims are barred because Plaintiff's purported trade dress is not famous or well-known.

### TENTH AFFIRMATIVE DEFENSE

148.    Plaintiff's claims are barred, in whole or in part, by the doctrine of fair use.

### ELEVENTH AFFIRMATIVE DEFENSE

149.    Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### TWELFTH AFFIRMATIVE DEFENSE

150.    Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, acquiescence, or ratification.

### THIRTEENTH AFFIRMATIVE DEFENSE

151.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abandonment.

### FOURTEENTH AFFIRMATIVE DEFENSE

152.    Plaintiff's unclean hands bar its claims, in whole or in part.

### FIFTEENTH AFFIRMATIVE DEFENSE

153.    Plaintiff's state-law and common-law claims are barred, in whole or in part, by the doctrine of preemption by federal law.


WHEREFORE, Defendants Edward McFarland and Ed's Lobster Bar LLC respectfully request that this Court enter judgment against Plaintiff:

(1)    dismissing the Complaint in its entirety and with prejudice;

(2)    awarding money damages to Defendants in the amount of their damages, liabilities, costs, and expenses, including attorney fees, incurred in defending against the claims asserted by Plaintiff; and

(3)    granting such other and further relief as the Court deems just and proper.

## JURY DEMAND

Defendants hereby demand a trial by jury for all issues so triable.

Dated: New York, New York.       /s/ Alan Serrins _____
   August 24, 2007       Alan Serrins (AS 4739)
                SERRINS & ASSOCIATES LLC
                233 Broadway, 18th Floor
                New York, New York 10279
                (212) 384-0202

                    & 

                Alon Markowitz (AM 0111)
                MARKOWITZ & CHATTORAJ LLP
                271 Madison Avenue, 20th Floor
                New York, New York 10016
                (212) 404-2205

                Attorneys for Defendants
                EDWARD MCFARLAND and
                ED'S LOBSTER BAR LLC