```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/26/07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
POWERFUL KATINKA, INC.
d/b/a/ PEARL OYSTER BAR,                              07 CV 6036 (SAS)

                Plaintiff,

  -against-                                          STIPULATED
                                                                     PROTECTIVE ORDER
                                                                      GOVERNING
                                                                        CONFIDENTIALITY

EDWARD McFARLAND and ED'S LOBSTER
BAR LLC,
                Defendants.
------------------------------------------------------X

       Plaintiff POWERFUL KATINKA, INC., d/b/a PEARL OYSTER BAR and Defendants EDWARD McFARLAND and ED'S LOBSTER BAR LLC, through their respective counsel of record, hereby stipulate to the following protective order pursuant to Fed. R. Civ. P. 26(c) to govern the production of documents and things, the filing of documents with the Court, and the disclosure of testimony in this lawsuit:

       1.     This Protective Order shall govern any documents, as that term is defined in SDNY Local Rule 26.3, written or recorded matter, interrogatory answers, requests to admit and responses thereto, physical items, depositions, and other discovery material produced by any party or non-party during this litigation, which is pending under the caption *Powerful Katinka, Inc., d/b/a Pearl Oyster Bar v. Edward McFarland and Ed's Lobster Bar LLC,* Case No. 07 CV 6036 (the "Action"), as well as testimony at any trial or hearing in this Action, and any documents or other materials filed with the Court in this Action.

1

2. In connection with this Action, Plaintiff or Defendants may designate any document, thing, material, testimony or other information derived therefrom as "Confidential" if such material:

(a) is or contains non-public trade secrets or other proprietary or sensitive business or personal information (including but not limited to any analysis or information concerning the businesses of Defendants or Plaintiff), financial data, marketing and advertising data and plans, strategic or long-range plans, internal cost data, performance data, customer or vendor data, contracts and agreements with third parties, or technological data; or

(b) is designated by a party in good faith as confidential because it contains or is information protected from disclosure by Fed. R. Civ. P. 26(c)(7).

Material designated as "Confidential" shall be treated as such unless the Court orders otherwise.

3. Material produced by non-parties may, at the option of that non-party or at the option of Plaintiff or Defendants, be deemed "Confidential" under the terms of this Protective Order.

4. Any party from who discovery has been sought may seek to designate any Confidential material as "Confidential – Attorneys' Eyes Only." Any party that desires to designate any document or information as Confidential – Attorneys' Eyes Only shall consult promptly with the other party in a good faith effort to agree upon the propriety of the "Confidential – Attorneys' Eyes Only" designation. If the parties are unable to reach an agreement within one (1) week of the production of the document or information as to whether the document or information in question is properly

2

designated as "Confidential – Attorneys' Eyes Only," it will be the responsibility of the party seeking to designate the document or information as "Confidential – Attorneys' Eyes Only" to apply to the Court for a ruling within two (2) weeks of the production of the document or information, and the responding party shall have one (1) week to respond to the application. Pending a ruling by the Court, the document or information for which the "Confidential – Attorneys' Eyes Only" designation is challenged shall be treated in accordance with the confidentiality terms for "Confidential – Attorneys' Eyes Only" materials set forth herein. "Confidential – Attorneys' Eyes Only" materials shall not be disclosed to any persons other than those described in Paragraph 9.

(b) Notwithstanding the foregoing paragraph 4(a), documents or information that identify or otherwise reference the location and/or address of any potential restaurant to be owned or developed in part or whole by Edward McFarland or Ed's Lobster Bar LLC other than the restaurant located at 222 Lafayette Street, New York, NY 10012 known as Ed's Lobster Bar may be designated "Confidential – Attorneys' Eyes Only" and shall be so treated unless and until an application to the Court to be treated otherwise is granted.

5. Confidential documents shall be so designated by stamping copies of the document produced with the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" The legend "CONFIDENTIAL" or "CONFIDENTIAL -ATTORNEYS' EYES ONLY" shall be placed on each page of any multipage document. Any such notice which is inadvertently omitted during document production or inspection may be corrected by prompt written notification to all counsel of record when such omission is identified.

3

6.  Testimony taken at or any other portions of a deposition may be designated as "Confidential" or "Confidential-Attorneys' Eyes Only" by making a statement to that effect on the record at the deposition or by advising opposing counsel in writing of any additional portions of such deposition containing "Confidential" or "Confidential-Attorneys' Eyes Only" information within thirty (30) days after receipt of the transcript. Arrangements shall be made by the party seeking "Confidential" or "Confidential-Attorneys' Eyes Only" treatment with the court reporter taking and transcribing and/or the videographer recording such proceeding to separately bind such portions of the transcript or tape containing information designated as "Confidential" or "Confidential-Attorneys' Eyes Only" and to label such portions appropriately. If designation occurs after receipt of the transcript, then each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody and control. Such designation of documents will consist of the stamp "Confidential" or "Confidential-Attorneys' Eyes Only" on each page on which Confidential Information appears. Any exhibit which is deemed "Confidential" or "Confidential-Attorneys' Eyes Only" shall be so designated by stamping the Exhibit accordingly.

7.  Material designated as "Confidential" or "Confidential-Attorneys' Eyes Only" under this Protective Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as Confidential or Attorneys' Eyes Only (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense or settlement of this lawsuit, and for no other purpose. Within 60 days following the final

4

termination of this lawsuit (whether by judgment, settlement or otherwise, and as to which all applicable appeal periods have passed), all materials produced by a party or non-party that contain Confidential Material, including all extracts and summaries of such material, shall be either (i) destroyed or (ii) returned to counsel for the designating party, at the option and sole cost of the designating party. Such destroyed or returned material shall not include attorneys' notes or work product. Upon completion of compliance with the provisions of this paragraph, counsel for each party shall certify that the provisions of this paragraph have been satisfied by sending opposing counsel a letter confirming compliance.

8. Material designated "Confidential" and produced pursuant to this Protective Order may be disclosed or made available only to the Court and its staff, including court reporters employed in this lawsuit, to counsel for a party, including the paralegal, clerical, and secretarial staff employed by such counsel (hereinafter, "Counsel"), and to "Qualified Persons" who are defined as the following persons:

(a) a party, or an officer, director, or employee of a party deemed reasonably necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b) outside experts or consultants (together with their assistants and clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(c) firms engaged by the parties for purposes of photocopying, electronic imaging or computer litigation support in connection with this litigation;

5

    (d) persons identified on the face of the document in question as an author,

addressee or other recipient; and

    (e) witnesses and their Counsel.

  9.  Material designated as "Confidential-Attorneys' Eyes Only" may not be shown or the substance of such material disclosed to

    (a) a party;

    (b) an officer, director, member, partner, shareholder, agent or employee of a party; or

    (c) outside experts or consultants (together with their assistants and clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action; and

    (d) non-party witnesses

without the prior written approval of the designating party or a Court Order. With the exception of those persons identified in categories 9(a)-(d) immediately above, material designated as "Confidential-Attorneys' Eyes Only" may be shown to counsel of record for Plaintiff and Defendants, firms engaged by the parties for the purposes of photocopying, electronic imaging or computer support in connection with this litigation, and persons identified on the face of the document which has been designated as "Confidential-Attorneys' Eyes Only" as author, addressee or other recipient.

  10.  Before receiving any Confidential Material, each party or party representative as described in category 8(a) and "Qualified Person" designated in categories 8(b), 8(c), and 8(e) shall be provided with a copy of this Protective Order

6

and shall execute an Acknowledgment of Entry of Protective Order and Nondisclosure Agreement in the form of Attachment "A" ("Acknowledgment'). Each "Qualified Person" designated in category 8(e) who testifies at a deposition or other proceeding in this action may, in lieu of executing the Acknowledgment, agree on the record to abide by the terms of the Protective Order and Nondisclosure Agreement before receiving any Confidential Material. Counsel for the party seeking to disclose Confidential Material to any "Qualified Person" pursuant to this Paragraph shall be responsible for retaining the executed originals of all such Acknowledgments.

11. Confidential Material shall not be revealed to any person not designated in Paragraph 8, unless the party producing the Confidential Material assents in writing to the disclosure or unless the Court otherwise directs. If another court, arbitration tribunal or an administrative or government agency requests, demands, subpoenas, or orders production of Confidential Material that a party has obtained under the terms of this Protective Order, such party shall promptly (not more than forty-eight (48) hours after receipt of such request, demand, subpoena or order) notify the party which so designated material as Confidential of the pendency of such request, demand, subpoena or order and the designating party may oppose such request, demand, subpoena, or order, if it so elects.

12. During depositions, if a deponent is to testify about a subject matter that is deemed "Confidential" or "Confidential-Attorneys' Eyes Only" pursuant to this Protective Order, and any party makes a timely objection to the presence of any person, only the allowed "Qualified Persons" and counsel in this action may be present.

13. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate. However, a party to this Litigation may prospectively declare that particularly specified confidential information (to be produced through discovery in this action) that is in the custody of a third person/party is Confidential Material Counsel for the party receiving such material shall treat it as so designated until such time as the designating party has had a reasonable opportunity to review and stamp the received material in accordance with this Protective Order.

14. If a party wishes to make a submission to the Court that includes Confidential Material, the submission shall be filed in a sealed envelope bearing the case caption and the legend "FILED UNDER SEAL: CONTAINS CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER."

15. If any Confidential Material is used in any court proceeding in this lawsuit, it shall not lose its Confidential status through such use. Pending a further order as this Court may enter regarding confidentiality of Confidential Material used in a hearing or trial in this action, such materials shall be treated as provided in this Protective Order.

16. The parties may seek modification of this Protective Order at any time from the Court. A party may proceed by seeking the other parties' consent or by application to the Court.

17.     A party or other person objecting to the designation of Confidential Material shall provide written notice of the objection to the designating party specifying the materials that are the subject of the objection. The parties and any other objecting person(s) shall confer in good faith in an effort to resolve the objection. If such conference does not resolve the objection within ten (10) days of such conference, the designating person(s) may apply to the Court, by motion or petition, for a ruling that material designated by a party as Confidential shall be treated as provided in this Protective Order, failing which the Confidential designation shall lapse. The party that opposes the designation of the material as Confidential shall be given notice of the application and an opportunity to respond. Pending determination by the Court, material designated by a party as Confidential shall be treated as Confidential Material pursuant to this Protective Order.

18.     This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this lawsuit without involving the Court unnecessarily in the process. Nothing in this Protective Order, nor the production in this action of any information or document under the terms of this Protective Order nor any proceeding pursuant to this Protective Order shall be deemed to have the effect in this or any other proceeding of an admission or waiver by any party or of altering the confidential nature of any document or information, or altering any existing obligation of any party or the absence thereof.

19.     The parties agree that the filing and entry of this Protective Order shall not constitute a waiver of any rights under any applicable law, court rules or both.

9

20. This Protective Order shall survive the termination of this lawsuit and continue in full force and effect, except that the protected status of materials filed with the Court under seal will expire sixty (60) days after the termination of this action by final judgment. The Court grants the parties' counsel of record leave to withdraw such materials from the record during the thirty (30) day period following termination of this action by final non-appealable judgment provided that the party withdrawing the documents from the record maintains a copy of the documents for one year after termination of this action by final non-appealable judgment.

Dated: October 25, 2007

                                  SCHIFF HARDIN, LLP
                                  900 Third Avenue
                                  New York, NY 10022

                                  David Jacoby, Esq.

Dated: October 25, 2007

                                  SERRINS & ASSOCIATES, LLC
                                  233 Broadway - 18th Floor
                                  New York, New York 10279
                                  Attorneys for Defendants

                                  Alan Serrins, Esq.

                                  MARKOWITZ & CHATTORAJ LLP
                                  271 Madison Avenue, 20th Floor
                                  New York, NY 10016
                                  Attorneys for Defendants

**APPROVED AND SO ORDERED:**

The Honorable Shira A. Scheindlin        Dated: October 26, 2007

## ATTACHMENT "A"

## ACKNOWLEDGMENT OF ENTRY OF
## PROTECTIVE ORDER AND NONDISCLOSURE AGREEMENT

I, _____, declare as follows:

1.  I have received a copy of the Stipulated Protective Order Governing Confidentiality ("Protective Order"), and have read and understand the Protective Order.

2.  I hereby agree to comply with and be bound by the terms and condition of the Protective Order unless and until modified by further Order of the Court.

3.  I understand that I am permitted to see Confidential Material under the order. I further understand that any unauthorized disclosure or improper use of Confidential Material may constitute contempt of Court.

4.  I hereby consent to the exercise of personal jurisdiction by the Court for purposes of enforcing this Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _____ day of _____, _____, at _____, _____
                                                   City          State


_____
Signature


_____
Print or Type Name


| NY\ 50217490.3

11